UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DUNBAR,

    Petitioner,                                      Case No. 2:21-CV-11204
                                                      Honorable Linda V. Parker

v.

BRYAN MORRISON,

    Respondent.
_____/

## OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Joseph Dunbar ("Petitioner"), confined at the Duane Waters Hospital in Jackson, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging his convictions for one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and felony firearm, Mich. Comp. Laws § 750.227BA, imposed in 1991, following a jury trial in the Wayne County Circuit Court.

Respondent filed a motion to transfer the case to the United States Court of Appeals for the Sixth Circuit, on the ground that the current petition is a successive petition which requires authorization from the Sixth Circuit. (ECF No. 13.) This Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A) and orders the Clerk of

1

the Court to transfer the case to the Court of Appeals for the Sixth Circuit so that Petitioner may seek permission to proceed.

## I. Background

Petitioner previously filed a habeas petition in federal court, challenging the same convictions and sentences, which was denied on the merits. *Dunbar v. Curtis*, No. 03-10232, 2005 WL 1606543 (E.D. Mich. June 8, 2005); *app. dism.* No. 05-2061 (6th Cir. July 21, 2006), *cert. den.* 549 U.S. 1137 (2007). Petitioner has since been denied permission to file a successive habeas petition several times by the Sixth Circuit. *In Re Dunbar*, No. 11-2595 (6th Cir. Aug. 9, 2012); *In Re Dunbar*, No. 10-2482 (6th Cir. June 21, 2011); *In Re Dunbar*, No. 07-1754 (6th Cir. Dec. 3, 2007).

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his conviction for first-degree criminal sexual conduct and felony firearm.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker*

*v. Turpin*, 518 U.S. 651, 664 (1996).  Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals.  *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.")

      The mere fact that Petitioner filed his habeas petition under 28 U.S.C. § 2241 and not under 28 U.S.C. § 2254 does not permit him to circumvent the

3

limitations on the filing of successive habeas petitions found in 28 U.S.C. § 2244 (b)(3)(A). Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific in that it confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997).

The Sixth Circuit has noted that "numerous federal decisions . . . support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by AEDPA for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006) (emphasis in original). The provisions of 28 U.S.C. § 2244(b) governing the filing of successive petitions by state prisoners under § 2254 thus apply equally to habeas petitions filed under 28 U.S.C. § 2241 by a person who is in custody pursuant to a state court judgment.

4

*Id.* at 336-37; *see also Long v. Commonwealth of Ky.*, 80 F. App'x 410, 414 (6th Cir. 2003); *Byrd v. Bagley,* 37 F. App'x 94, 95 (6th Cir. 2002). Petitioner must therefore seek authorization from the Sixth Circuit under § 2244(b) before filing the pending petition, even though it was filed pursuant to 28 U.S.C. § 2241. *Rittenberry*, 468 F.3d at 338.

Petitioner's motions for injunctive relief, to expedite the petition, and to supplement the petition (ECF Nos. 3, 7, 10, 11) are denied without prejudice. A district court loses jurisdiction over a state prisoner's habeas petition when it transfers it to the court of appeals on the ground that it is a second or successive petition. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015). This Court lacks jurisdiction pursuant to 28 U.S.C.A. §§ 1631 and 2244(b)(3)(A) to consider Petitioner's motions. *Id.*

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 15, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 15, 2022, by electronic and/or U.S. First Class mail.

                                        s/Aaron Flanigan
                                        Case Manager